IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| WILLIAM PEARCE MILLS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 05-1775-AA |
| | ) | OPINION AND ORDER |
| vs. | ) | |
| | ) | |
| JEAN HILL, Superintendent, | ) | |
| Snake River Correctional | ) | |
| Institute, | ) | |
| | ) | |
| Respondent. | ) | |

Amy M. Baggio
Federal Public Defender's Office
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
    Attorney for petitioner

Hardy Myers
Attorney General
Lester R. Huntsinger
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301
    Attorneys for respondent

AIKEN, Judge:

Page 1 - OPINION AND ORDER

Petitioner brings this federal habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his 2000 conviction for unlawful use of a weapon with a firearm on the grounds that petitioner received ineffective assistance of counsel at both the trial and appellate levels, and that the trial court incorrectly applied the sentencing guidelines because petitioner was actually innocent. The petition is denied and this case is dismissed.

BACKGROUND

On August 2, 2000, a Marion County judge convicted petitioner William Pearce Mills ("petitioner") of seven counts of unlawful use of a weapon with a firearm. On September 19, 2000, petitioner was sentenced to a 60-month mandatory minimum prison term under ORS 161.610 and the court imposed disposition and durational departure sentences totaling 180 months.

Petitioner directly appealed his conviction and sentence, challenging the dispositional and durational departure sentences. The Oregon Court of Appeals affirmed, and no review was sought from the Oregon Supreme Court. Petitioner then filed a post-conviction relief petition asserting ineffective assistance of counsel. The Malheur County Circuit Court denied relief on each claim. Upon appeal, the Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review.

In his Petition for Writ of Habeas Corpus, petitioner alleges ineffective assistance of counsel based upon four claims

for relief.  Petitioner alleges: (1) trial attorney's failure to investigate and present mental health defenses; (2) trial attorney's failure to object to the upward departure sentences; (3) trial court violated the Sixth Amendment when it imposed upward departure sentences; and (4) appellate attorney's failure to raise the upward departure sentences under the "plain error" doctrine.

## DISCUSSION

A.  Standard of Review for Writ of Habeas Corpus

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts must afford a state court's factual findings and legal rulings a defined measure of deference.  See 28 U.S.C. §§ 2254(d), (e).  A federal court may not grant a habeas petition regarding any claim "adjudicated on the merits" in state court, unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding."  28 U.S.C. § 2254(d).  The Supreme Court construed this statutory text as a "command that a federal court not issue the habeas writ unless the state court was wrong as a matter of law or unreasonable in its application of law in a given case."  Williams v. Taylor, 529 U.S. 362, 381 (2000).

Page 3 - OPINION AND ORDER

The Ninth Circuit holds that the "contrary to" and "unreasonable application" standards are flexible and not amenable to rigid distinction.  Davis v. Kramer, 167 F.3d 494, 500 (9th Cir. 1999).  These terms ensure that state courts follow controlling Supreme Court law.  Id.

In sum, federal courts are prevented from granting habeas relief to a state petitioner where the relevant decision is not "contrary to" or "an unreasonable application of" Supreme Court precedent.  Crater v. Galaza, 491 F.3d 1119, 1126 (9th Cir. 2007).  Further, a "merely erroneous" state decision does not warrant relief unless it is also "'an *unreasonable application*' of clearly established federal law."  Early v. Packer, 537 U.S. 3, 11 (2002)(emphasis in original).

B.   Deference to State Court Determination

The post-conviction court must apply a "reasonable probability" standard when adjudicating ineffective assistance of counsel cases, as required by Strickland v. Washington, 466 U.S. 668 (1984).  In Strickland, the Supreme Court held that in order to establish ineffective assistance of counsel, a defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  466 U.S. at 687.

Page 4 - OPINION AND ORDER

Here, the post-conviction court found that the result of the proceeding would not have been different because petitioner failed to demonstrate that he was prejudiced in any way. Therefore, the AEDPA requires this court to grant deference to the legal rulings of the post-conviction court. I agree that the post-conviction court accurately reviewed the record and correctly found that petitioner's trial counsel provided effective assistance of counsel.

C. <u>Petitioner's Ineffective Assistance of Counsel Claim</u>

Nonetheless, even if petitioner's ineffective assistance of counsel claim was reviewed *de novo*, this court would reach the same conclusion as the post-conviction court. The purpose of the effective assistance requirement is "to protect the fundamental right to a fair trial." <u>Strickland</u>, 466 U.S. at 684. "The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 374 (1986). Accordingly, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 686. Thus, the ultimate question is not whether the defendant would more likely than not have received a different verdict but whether he received a fair trial, the

Page 5 - OPINION AND ORDER

result of which is reliable.  Id. at 687.

Here, petitioner fails to establish that trial counsel provided ineffective assistance.  The record shows that the trial and sentencing court adequately reviewed petitioner's mental health reports and history.  At sentencing, petitioner's counsel emphasized mitigating factors including petitioner's mental health problems and lack of criminal history.  Counsel underscored the tragic death of petitioner's child to provide a reason for petitioner's mental health decline.  In addition, counsel allowed petitioner's parents to testify about petitioner's history.  Counsel did not have reason to address mental health defenses as the reports from petitioner's treating psychiatrist at the time revealed that petitioner was suffering from General Anxiety Disorder.  Trial counsel's representation of petitioner's mental health issues did not fall below the objective standard of reasonableness.

Moreover, petitioner has not demonstrated that he was in any way prejudiced by trial counsel's failure to address mental health defenses. Counsel made a reasoned decision not to raise mental health defenses after reviewing petitioner's mental health history.  Petitioner's trial counsel's failure to investigate mental health defenses cannot be said to have so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.  See

Hendricks v. Calderon, 70 F.3d 1032, 1038-39 (9th Cir. 1995)("In general, an attorney is entitled to rely on the opinions of mental health experts in deciding whether to pursue an insanity or diminished capacity defense.").

Therefore, petitioner's writ of habeas corpus is denied.

D.  Actual Innocence

"[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera v. Collins, 506 U.S. 390, 404 (1993).  The gateway applies only to a "narrow class of cases implicating a fundamental miscarriage of justice." Schlup v. Delo, 513 U.S. 298, 314-15 (1995).  To pass through the Schlup gateway to assert a innocence claim, a petitioner must present evidence to "establish sufficient doubt about his guilt to justify the conclusion that his [conviction] would be a miscarriage of justice unless [it was] the product of a fair trial." Id. at 316 (emphasis original).  When petitioner bases his habeas petition on newly discovered evidence to show that his conviction is factually incorrect, "[t]he fundamental miscarriage of justice exception is available 'only where the . . . supplements . . . [are] a colorable showing of factual innocence.'" Herrera, 506 U.S. at 404 (quoting Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)).

Petitioner argues a "freestanding" actual innocence claim

Page 7 - OPINION AND ORDER

and relies on evidence outside of the trial record to establish his innocence. Boyde v. Brown, 404 F.3d 1159, 1168 (9th Cir. 2005), amended by, 421 F.3d 1154 (9th Cir. 2005)(citing Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997)(en banc)("The standard for establishing such a claim is 'extraordinarily high.'")(internal citation omitted)). Petitioner "'must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent.'" Boyde, 404 F.3d at 1168 (citing Carriger, 132 F.3d at 476 (internal citation omitted)).

Petitioner's claim alleges that he is actually innocent of the crimes because he did not have the required mens rea for the crimes he was convicted of, or he was guilty except for insanity at the time of conviction. To support these claims, petitioner relies on a report by Dr. Welch who reviewed petitioner's mental health history records and concluded that petitioner suffered from bipolar I disorder at the time he committed the acts that led to his arrest. Dr. Welch stated that petitioner suffered from delusions and as a result, could not appreciate the criminality of his conduct. I rely on the Ninth Circuit's holding, "that the mere presentation of new psychological evaluations . . . does not constitute a colorable showing of actual innocence." Boyde, 404 F.3d at 1168 (citing Harris v. Vasquez, 949 F.2d 1497, 1516 (9th Cir. 1990)). In Boyde, the Ninth Circuit found an affidavit insufficient to establish

Page 8 - OPINION AND ORDER

innocence. Boyde, 404 F.3d at 1168. The court reasoned that "'[b]ecause psychiatrists disagree widely and frequently on what constitutes mental illness, a defendant could . . . always provide a showing of factual innocence by hiring psychiatric experts who would reach a favorable conclusion.'" Id. (citing Harris, 949 F.2d at 1515 (internal citation omitted)).

Petitioner failed to provide evidence establishing actual innocence. Therefore, petitioner's writ for habeas corpus is denied.

## CONCLUSION

Under the Antiterrorism and Effective Death Penalty Act, this court must defer to the decision of the post-conviction court. Petitioner's trial counsel's representation was not constitutionally deficient, nor did petitioner affirmatively prove actual prejudice as required by Strickland. Therefore, petitioner's habeas corpus petition pursuant to 28 U.S.C. § 2254 (doc. 1) is denied. This case is dismissed.

IT IS SO ORDERED.

Dated this  22  day of April 2008.

/s/ Ann Aiken
Ann Aiken
United States District Judge